UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA: MIAMI DIVISION
Case No. 11-24244-Civ-COOKE/TURNOFF

RAQUEL CORTES and SANDRA CORTES
as the Co-Personal Representatives of the
Estate of Othon Cortes,

    Plaintiffs,

v.

AMERICAN AIRLINES, INC, a Delaware
Corporation, and SKY CHEFS, INC., a
Delaware Corporation,

    Defendants.
_____/

## PLAINTIFFS' REPLY TO AMERICAN AIRLINES, INC.'S RESPNSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ON TAKING FOREIGN DEPOSITIONS IN GERMANY, SPAIN AND ENGLAND

**COMES NOW** the Plaintiffs RAQUEL CORTES and SANDRA CORTES as Co-Personal Representatives of the Estate of Othon Cortes files this reply addressing the arguments raised by Defendant American Airlines ("AA") in connection with Plaintiffs' motion for protective order on taking several foreign depositions at an unspecified time and place in the Country of Germany, then on to Spain and then on to England and thus, it is argued as follows:

### UNCERTAINTY OF THESE EUROPEAN DEPOSITIONS

Before addressing the merits raised by AA in its response, this Court should first address the additional uncertainties surrounding these depositions. Put simply, are these depositions going to in fact occur or are they simply theoretical desires of AA to examine its own foreign vendors. Defense counsel openly admits to this Court that these depositions have not been secured as of January 28, 2013. More specifically, AA announces the following to this Court:

Case No. 11-24244-Civ-COOKE/TURNOFF

> "As of today's date, American Airlines *has not yet secured* confirmation from any of these three entities that they will voluntarily appear for their deposition. This is still a matter that remains pending in discussions with the lawyers representing these non-parties. *Should* these non-parties decline to voluntarily appear for their depositions, American Airlines will proceed to secure their testimony through the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters. Given the possibility that they will appear voluntarily at their deposition without the need to undergo the costly and time consuming nature of service through the Hague, American Airlines *has not yet* commenced this process. However, this should not be construed to suggest that American Airlines has any power to secure the voluntary appearance of these non-parties as this is not the case American Airlines is prepared to secure their attendance through the Hague Convention as necessary." [D.E. 86 at 18] [emphasis supplied].

AA's lawyer goes on to say that as of the date of filing his response these foreign deponents have not yet confirmed they will appear voluntarily. AA goes on to further disclose the uncertainties surrounding these depositions in footnote 1 whereby defense counsel acknowledges that these foreign deponents have provided limited cooperation. (D.E. 86 at 19, n1).

Before discussing the merits of AA's arguments, this Court must first decide how these uncertainties surrounding these European depositions will be handled. Undersigned counsel is a solo practitioner who cannot simply be given 10 or 14 day advance notice to have him hurriedly

2

Case No. 11-24244-Civ-COOKE/TURNOFF

jump on a plane and go on a transatlantic flight to these three separate countries, leaving his practice unattended for over a week.[1]

Accordingly, this Court should first set a deadline whereby AA's counsel must confirm whether these foreign deponents will be appearing voluntarily and if so, the exact place where these depositions will be had or, alternatively, by that deadline notify this Court and Plaintiff counsel that he will proceed through the Hague Convention to secure their testimony. At the present time, these depositions are simply theoretically desired but not yet definitely set to enable Cortes' counsel to make the necessary arrangements to go to these foreign countries in the event this Court finds that AA is correct in its assessment of the law on foreign depositions. AA cannot keep this discovery "in the air". Now on to the merits.

## THIS COURT DOES HAVE BROAD DISCRETION TO REQUIRE AA TO BRING ITS VENDORS HERE INTO THE UNITED STATES TO TAKE THEIR TESTIMONY

The Plaintiffs concede that a non-resident corporate defendant should be deposed at his place of business. However, this rule or presumption is not absolute. The trial court has broad discretion to control the terms, time and place of taking discovery. Rule 26(c)(1)(B). Although we accept this presumption, the inquiry certainly does not end there.

For example, there may be exceptional circumstances why the place for the deposition may take place other than where the non-resident corporate witness allegedly maintains its

---

[1] Jonathan Kaskel who appeared as co-counsel on behalf of the Plaintiff is no longer an associate in the firm. He joined last Fall the firm of Garbett, Bronstein Stiphany Allen & Roza, P.A., primarily working on bank-commercial matters with one of undersigned's friend and colleague Frank Roza. On February 11, 2013, Mr. Waugh will join the undersigned firm as an associate. However, Mr. Waugh will not be up to speed on matters by the time these foreign depositions are *predicted* to take place.

Case No. 11-24244-Civ-COOKE/TURNOFF

principal place of business. From what AA has submitted so far to this Court, it is unclear where exactly the principal place of business is for each of its vendors. The best we have from AA is that they are located somewhere in Europe. It is not at all apparent from the deposition notices where exactly the principal place of business is for each of these companies. In the case of *Davis v. BAC Tax Services Corp.*, 2010 WL 5900408 (M.D. Fla. 2010), Magistrate Judge McCoun denied a defendant's motion for protective order challenging the plaintiff's decision to take the deposition of a non-resident corporate defendant away from its place of business. While the Magistrate Judge conceded that normally the deposition should take place at the corporate defendant's principal place of business, the court made the following pertinent observation: "Different cases present different circumstances…" (*Davis* at 1). Here likewise, there are *different circumstances* that warrant this Court's intervention in setting a place other than Europe for the taking of these depositions. AA has not submitted an affidavit or other proof that establishes that these AA's vendors do not regularly transact business in the United States or visit this country as part of their business. *Compare, Nordotek Environmental, Inc. v. RDP Technologies, Inc.*, 2010 WL 3070196 at 1 (S.D. Ga. 2010).

Unquestionably, the agreements that AA has with these vendors require cooperation and to a certain degree demand accountability and reporting to AA. As these vendors perform a significant, airline-related service that enables AA to serve its passengers worldwide, these deponents "maybe critical in unraveling…" the unforeseeable death of a US Citizen. *First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2nd Cir. 1998). And since the trial court generally prefers "a witness's live and in-court testimony [because it] is the preferred

4

Case No. 11-24244-Civ-COOKE/TURNOFF

method of presenting his/her testimony", *In re Banco Santander Securities-Optimal Litigation*, 732 F.Supp. 2d 1305, 1337 (S.D. Fla. 2010), an equally strong presumption can be made that, AA plans to present these witnesses live at the trial. If that is so, then why shouldn't AA be compelled to have <u>its</u> vendors come to a mutually agreeable and convenient place in the United States, whether it be New York or otherwise, to give sworn testimony pursuant to the Rules of this Court.

As the record now stands, AA leaves many unanswered questions to outright negate Plaintiff's call to this Court's broad power to require AA's vendors to respond to its principal's request for a deposition here in the United States.

*First*, the AA deposition notices do not have a particular city, address where these depositions will be taken. *Second*, and more importantly, there is no proof by way of testimony or affidavit that these vendors do not transact business here nor otherwise have any agents, representatives or affiliates here in the United States. *Third*, it remains unclear whether these vendors will voluntarily respond to AA's request for their depositions. *Fourth*, it is a mystery whether any of these vendor's agents or representatives have any plans to travel to the United States and if so, when and where. *Next*, that there are provisions in the Vendor Agreements that may require these vendors to cooperate with AA if it desired these depositions to take place in the United States. More importantly, given that AA controls the purse strings of this lucrative business relationship, why isn't AA able to use that power to require their presence in the United States particularly when Plaintiffs' counsel is willing to share in the expense of securing their examination here?

5

Case No. 11-24244-Civ-COOKE/TURNOFF

In conclusion, the defense is correct that the general rule and presumption is that non-party corporate deponents are deposed at their principal place of business. However, the Rule is not absolute and given the particular facts of this case, this Court may relax the requirement to promote efficiency in the discovery process with the goal of advancing this litigation.

Here, there are special considerations that weigh in favor of this Court exercising its judicial authority to direct AA to secure its vendors' deposition discoveries in the United States. This Court should not forget that these deponents are vendors of the Defendant AA over which the airline has a significant power and control, irrespective of the designated title AA unilaterally bestows upon them. AA has more than a de minimis degree of control and influence over these vendors. A studious review of the vendor agreements highlights AA's influence over their operations. This Court is also not told whether AA will find a way to have these witnesses fly here to testify live before the jury. If AA is planning to pursue this preferred method of presenting testimony then it should be required to bring these vendors into the United States for their examination.

**WHEREFORE**, Plaintiffs respectfully request that this Court first determine whether AA plans on flying these witnesses in to testify live in trial and if not, require AA's counsel to determine by a specific date no later than 30 days before the deposition date to disclose to this Court whether these deponents will voluntarily appear for their depositions and if so, at what exact place, and to direct that all of these depositions be taken in one place in Europe, if this Court is incline to require the depositions there or alternatively, require AA to take these

Case No. 11-24244-Civ-COOKE/TURNOFF

depositions in one place in the United States whereby Plaintiffs' counsel must share the expense associated with that arrangement.

>GONZALO R. DORTA, P.A.
>*Attorneys for Plaintiffs*
>334 Minorca Avenue
>Coral Gables, Florida 33134
>Telephone: 305-441-2299
>Telecopier: 305-441-8849
>grd@dortalaw.com
>
>By: /s/ Gonzalo R. Dorta
>    GONZALO R. DORTA
>    Florida Bar No. 650269

Case No. 11-24244-Civ-COOKE/TURNOFF

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on February 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document was served, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, on the following counsel or parties: **Gregory M. Palmer, Esquire & Marty Fuilgueira Elfenbein, Esquire** Rumberger, Kirk & Caldwell (*attorneys for American Airlines*), Brickell Bayview Centre Suite 3000, 80 Southwest 8 Street, P.O. Box 01-9041, Miami, Florida 33101, Tel.: 305-358-5577, Fax: 305-371-7580, E-mail: gpalmer@rumberger.com, melfenbein@rumberger.com.

By: /s/ Gonzalo R. Dorta
GONZALO R. DORTA
Florida Bar No. 650269